**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Natarajan Palaniappan, et al., | No. CV-22-01685-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiffs Natarajan Palaniappan and Satya Sree Dandamudi are suing the United States for a refund of $67,104, which was withheld by the Internal Revenue Service ("IRS") as federal income taxes from a distribution of Palaniappan's retirement plan. Pending before the Court are the United States' motion for judgment on the pleadings, which is fully briefed (Docs. 30, 34, 35), and Plaintiffs' motion to submit an additional response, which the Court construes as a motion to file a sur-reply to United States' motion for judgment on the pleadings, and to request an oral argument (Doc. 38).

For the reasons that follow, the Court denies Plaintiffs' motion to file a sur-reply and request an oral argument[1] (Doc. 38) and grants the United States' motion for judgment

---

[1] The Court denies Plaintiffs' request to file a sur-reply because the United States' reply does not raise arguments or issues for the first time. Furthermore, the Court does not find Plaintiffs' proposed sur-reply helpful to the resolution of the pending motion. *See Sebert v. Ariz. Dep't of Corrections*, No. CV-16-354-PHX-ROS, 2016 WL 3456909, at *1 (D. Ariz. June 17, 2016). As to the request for oral argument, the Court finds that the issues concerning the United States' motion for judgment on the pleadings are adequately briefed, and oral argument will not assist the Court in reaching its decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

1   on the pleadings (Doc. 30).

2   **I.      BACKGROUND**[2]

3           Gilbert Hospital hired Palaniappan in October 2009. (Doc. 1 ¶ 6.) While employed

4   there, Palaniappan elected to participate in the 26 U.S.C. § 409A deferred compensation

5   plan offered by Gilbert Hospital. Participation in the plan was voluntary, and employees

6   were informed that if they elected to participate in the 409A plan, they would no longer be

7   allowed to contribute to the Gilbert Hospital 401(k) plan. (Doc. 27-3 at 2.)

8           After experiencing financial difficulties, Gilbert Hospital filed for bankruptcy on

9   February 5, 2014. (Doc. 1 ¶ 7.) At some point, Gilbert Hospital determined that not all the

10  participants in the 409A plan, including Palaniappan, were qualified to participate in the

11  plan. Considering the pendency of the bankruptcy proceedings, Gilbert Hospital decided

12  not to subject these non-qualified participants' 409A accounts to the claims of the

13  Hospital's creditors. Instead, Gilbert Hospital chose to liquidate the 409A plan and make

14  secured claim distributions to the non-qualified 409A plan participants during the

15  bankruptcy proceedings. (Doc. 27-3 at 4.)

16          In doing so, Gilbert Hospital prepared a 409A proof of claim on behalf of the 409A

17  claimants, itemizing the value of each account to be paid to the non-qualified participants.

18  After Palaniappan filed a limited objection to the proof of claim, Gilbert Hospital prepared

19  an amended 409A proof of claim, showing the value of Palaniappan's claim to be

20  $289,127.39, of which $72,298.60 was to be withheld as federal income tax. Palaniappan

21  again filed an objection to this proof of claim, arguing to the Bankruptcy Court that "his

22  409A account should not be treated like a non-qualified retirement account, for tax

23  purposes" and that "since he was never eligible to participate in the 409A Plan, any

24  _____

25          [2] This section draws from the allegations in the Complaint (Doc. 1), which are
    accepted as true for the purposes of this order. The Court also takes judicial notice of the
26  filings made in the following cases: *In re: Gilbert Hosp. LLC*, No. 2:14-bk-01451-MCW
    (Bankr. D. Ariz.), and *Palaniappan v. Gilbert Hosp. LLC*, No. CV-17-00517-PHX-JJT (D.
27  Ariz.). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.
    2006) ("[The Court] may take judicial notice of court filings and other matters of public
    record."). The United States attached both the Bankruptcy Court's order in *In re: Gilbert*
28  *Hosp.*, and the District Court's order in *Palaniappan v. Gilbert Hosp.*, to the pending
    motion. (*See* Docs. 27-3, 27-4.)

contributions he made . . . should have been directed to Gilbert Hospital's 401(k) plan instead." Palaniappan requested that the Bankruptcy Court transfer the appropriate portion of the 409A account to the Gilbert Hospital 401(k) plan or at least compensate Palaniappan for the value of the tax deferral that Palaniappan lost. (*Id.* at 8–9.)

Palaniappan and Gilbert Hospital engaged in discovery on Palaniappan's objection. During this process, Gilbert Hospital liquidated Palaniappan's 409A plan account, issuing a check to Palaniappan in the amount of $216,895.81 and transmitting $72,298.60 to the IRS as federal income tax withholding. (*Id.* at 10.) On September 30, 2018, following an evidentiary hearing, the Bankruptcy Court overruled Palaniappan's objection and denied his request that the Bankruptcy Court order the IRS to transfer the 409A plan proceeds onto a qualified retired account. (*Id.* at 20.) In so holding, the Bankruptcy Court noted that Palaniappan voluntarily decided to participate in the 409A plan and that disclosures were made to him that the 409A plan was not qualified and he would not be able to roll funds in the 409A plan into other qualified accounts. The Court further found that because the 409A plan was not a qualified retirement plan and the funds of the plan, upon a change in control of the Hospital, could be disbursed in a lump sum, the 409A disbursement was subject to withholding. (*Id.* at 24–25.)

While these bankruptcy proceedings were ongoing, Palaniappan filed ERISA breach of fiduciary duty claims against Gilbert Hospital in the District of Arizona. *Palaniappan v. Gilbert Hosp. LLC*, No. CV-17-00517-PHX-JJT (D. Ariz.). After Gilbert Hospital failed to appear, the District Court granted Palaniappan's motion for judgment on the pleadings and ordered Palaniappan to file a detailed accounting of damages.

On April 20, 2020, the Court awarded Palaniappan $525,238 in damages. In a written order, the Court explained that the award included $226,709 in damages for "the loss [Palaniappan] suffered when [Gilbert Hospital] moved his retirement account from a 401k plan to a 409a plan." The Court went on to deny Palaniappan's request that it direct the IRS "to refund the $72,231 wrongly paid to it when [Gilbert Hospital] shifted [Palaniappan's] retirement funds from the 401k account to the 409a account," explaining

that the IRS was not a party in the matter and so the Court could not compel the IRS to take any action. The Court also concluded that ordering the IRS to issue a refund "would constitute double counting of damages." The Court noted that during a hearing on the damages award, "[Palaniappan] clarified that the $72,231 he seeks to have the IRS return is a component of the $226,709 that he lost as a result of [Gilbert Hospital's] unlawful transfer of his funds from a 401k account to a 409a account." Because the Court already accounted for and awarded Palaniappan that sum, ordering the IRS to issue such a refund would constitute double recovery for Palaniappan. (Doc. 27-4.) After entry of judgment, Palaniappan filed a notice of satisfaction of judgment on January 5, 2022. (Doc. 35-2.)

On March 27, 2020, Palaniappan and his wife, Dandamudi, filed an amended 2016 income tax return, asserting that the "Form W-2 issued by Gilbert Hospital was issued in error" and that they "were due a refund in the amount of $67,104."[3] (Doc. 1 ¶14.) Plaintiffs provided information to the IRS regarding Palaniappan's judgment against Gilbert Hospital as support for Plaintiffs' claim for refund. (Doc. 1 ¶ 14.) The IRS denied Plaintiffs' claim for refund on October 7, 2020. (*Id.* ¶ 15.) Plaintiffs filed an administrative appeal, but the IRS sustained its decision. (*Id.* ¶ 16.)

On October 4, 2022, Plaintiffs filed the instant action against the United States raising a single claim: that the IRS owes them a refund in the amount of $67,104. (Doc. 1 ¶ 20.) Plaintiffs allege that "Palaniappan was not part of [Gilbert Hospital's] section 409A plan" and therefore it was improper for Gilbert Hospital to liquidate and send to the IRS funds that were part of Palanniapan's 401(k) qualified retirement plan. (*Id.* ¶¶ 10–11.) The United States filed an amended Answer on May 12, 2023 (Doc. 13), and the pending motion for judgment on pleadings on June 2, 2023 (Doc. 30.)

## II.   LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a

---

[3] The United States notes in its pending motion that although Gilbert Hospital initially sent the IRS $72,298 as federal income tax withholding, the IRS refunded Plaintiffs $5,194, which explains why Plaintiffs are seeking $67,104 in the instant action.

claim. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). In ruling on a Rule 12(c) motion, the Court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the [non-moving party]." *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). The Court must then consider whether the well-pleaded factual allegations, taken as true, plausibly entitle Plaintiffs to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim for relief is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 678). However, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 67. In such a situation, "the complaint should be dismissed, or judgment granted on the pleadings." *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

## III. DISCUSSION

### A. Collateral estoppel bars Plaintiffs' claim for a refund.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Dodd v. Hood River Cnty.*, 59 F.3d 852, 863 (9th Cir. 1995). Collateral estoppel applies when,

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).

Plaintiffs' single claim for relief in this case is premised on whether Palaniappan's retirement plan at Gilbert Hospital was a 409A plan, thereby subjecting it to federal income tax withholding, or a nontaxable 401(k) plan. This exact issue was already decided by the Bankruptcy Court. In resolving Palaniappan's objection to Gilbert Hospital's 409A amended proof of claim, the Bankruptcy Court addressed and overruled Palaniappan's

- 5 -

assertion—which he again raises before this Court—that the funds at issue were part of a 401(k) plan. Indeed, Plaintiffs concede that the "first and foremost" issue in this case is whether "money forwarded by Gilbert Hospital to [the] IRS were . . . 401(k) [r]etirement funds." (Doc. 34 at 2.) As such, the issue necessarily decided at the bankruptcy proceedings is identical to the one Plaintiffs raise here.

As to final judgment on the merits, Ninth Circuit precedent provides that "the allowance or disallowance of a claim in bankruptcy is binding and conclusive on all parties or their privies." *In re Bevan*, 327 F.3d 994, 997 (9th Cir. 2003); *see also In re Prestige Ltd. Partnership-Concord*, 234 F.3d 1108, 1113–14 (9th Cir. 2000) (holding that a district court order overruling a debtor's objections to a lender's claim was final judgment on the merits); *Wright v. Wells Fargo Bank, N.A.*, No. 11-00212 SOM-RLP, 2012 WL 2973202, at *7 (D. Haw. July 19, 2012) (holding that bankruptcy court's order overruling objection to secured claim was a final judgment on the merits). Accordingly, the Bankruptcy Court's order overruling Palaniappan's objection to Gilbert Hospital's amended proof of claim was a final judgment on the merits.

Last, collateral estoppel is being asserted against Palaniappan, who was a party in the bankruptcy proceeding, and his wife, Dandamundi, who is in privity with Palaniappan. "Privity between parties exists when a party is so identified in interest with a party to the prior litigation that he represents precisely the same right with respect to the subject matter involved." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002). Generally, "[s]pouses are in privity with each other where the cause of the action in the prior litigation was community in nature and the proceeds of any judgment that might have been recovered would have belonged to both husband and wife, as community property." *Yang v. Fund Mgmt. Int'l, LLC*, 847 F. App'x 419, 421 (9th Cir. 2021) (cleaned up). Arizona considers contributions made into a deferred compensation plan to be community property. *See e.g.*, *Koelsch v. Koelsch*, 713 P.2d 1234, 1244 (Ariz. 1986); *Johnson v. Johnson*, 638 P.2d 705, 708 (Ariz. 1981). Because the Bankruptcy Court's ruling affected the distribution of Palaniappan's 409A plan, which is a deferred

1    compensation plan, there is privity between Palaniappan and his wife and thus collateral

2    estoppel may be asserted against both.

3         The Court finds that all three requirements of collateral estoppel have been met. It

4    is clear Palaniappan had a full and fair opportunity to litigate the exact issue Plaintiffs raise

5    in this action, and the issue was decided in a final judgment. As such, collateral estoppel

6    precludes Plaintiffs from relitigating their refund claim before this Court.

7         **B. The doctrine of double recovery also precludes Plaintiffs' claim.**

8         Double recovery of damages is disfavored. *Kissell Co. v. Gregory*, 591 F.2d 47, 51

9    (9th Cir. 1979); *Kenny v. Lawseth*, 198 F.3d 254 (9th Cir. 1999) (unpublished table

10   decision). In this case, Plaintiffs seek a refund of $67,104, constituting the amount withheld

11   as taxes from Palaniappan's 409A distribution. Yet, the District Court already awarded

12   Palaniappan judgment in this amount in *Palaniappan v. Gilbert Hosp. LLC*, No. CV-17-

13   00517-PHX-JJT (D. Ariz.). (*See* Doc. 27-4 at 3.) In ruling on his ERISA claim against

14   Gilbert Hospital, the District Court awarded Palaniappian a total of $525,238, one

15   component of which accounted for "the loss [Palaniappan] claims he suffered when

16   [Gilbert Hospital] moved his retirement account from a 401k to a 409a plan." And this loss

17   that Palaniappan claims he suffered specifically included the portion of his 409a

18   distribution that was sent to the IRS as federal income tax. Thus, the District Court went

19   on to deny Palaniappan's request that, in addition to the damages award against Gilbert

20   Hospital, he be awarded a tax refund from the IRS. The District Court explained that to

21   enter an order directing the IRS to refund the amount wrongly paid to it "would constitute

22   double counting of damages." (*Id.*)

23        That same reasoning holds true here.[4] Merely initiating a new action does not entitle

24   ───────────────

        [4] Plaintiffs contend that the United States has placed them in "Double Jeopardy" by
25   failing to recognize the District Court's order and forcing Palaniappan to file a case against
     the IRS to retrieve these funds. Plaintiffs appear to read the District Court's order as holding
26   that the money the IRS has in its possession constitutes Palaniappan's "retirement funds,
     not taxes" and as a result the IRS must refund such money to Palaniappan. Plaintiffs
     misunderstand both the District Court's order and Double Jeopardy. First, the District
27   Court neither held that Palaniappan was entitled to an IRS refund nor ordered the IRS to
     do so. Indeed, the Court recognized that the IRS was not party to the suit, and therefore the
28   Court could not compel the IRS to take any action in the matter. Second, the Double
     Jeopardy Clause only applies to criminal penalties and thus is irrelevant to the case at bar.

Plaintiffs to seek judgment that Palaniappan has already been awarded. What's more, after the District Court entered judgment in Palaniappan's favor, Palaniappan filed a Satisfaction of Judgment with the Court. (Doc. 35-2.) As such, the relief Plaintiffs seek in this case has not only been awarded but it also has been satisfied.

In sum, the Court finds that collateral estoppel bars relitigation of Plaintiffs' claim against the United States, and the doctrine of double recovery precludes Plaintiffs from seeking relief that has been awarded and satisfied. As such, the United States is entitled to judgment as a matter of law.

**IT IS SO ORDERED** that Plaintiffs' Motion to Submit an Additional Response, construed by the Court as a motion to file a sur-reply, and to Request an Oral Argument (Doc. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion for Judgment on the Pleadings (Doc. 30) is **GRANTED**. The Clerk is directed to enter judgment in favor of the United States and terminate this case.

Dated this 27th day of March, 2024.

Douglas L. Rayes
United States District Judge

---

U.S. Const. amend. V; *see Hudson v. United States*, 522 U.S. 93, 99 (1997) ("The [Double Jeopardy] Clause protects only against the imposition of multiple *criminal* punishments for the same offense.").